```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

------------------------------x
                              :
UNITED STATES OF AMERICA      :    Crim. No. 3:15CR00025(JCH)
                              :
v.                            :
                              :
BRETT C. LILLEMOE, PABLO      :
CALDERON, AND SARAH ZIRBES    :
                              :
------------------------------x
```

### RULING ON MOTION TO MODIFY CONDITIONS OF RELEASE

Defendants Brett C. Lillemoe and Pablo Calderon have filed a motion, jointly, seeking to amend the conditions of their release to remove the condition that prohibits them from having direct contact with each other and discussing case-related matters without counsel present.  [Doc. # 34]  The motion also requests a change in the conditions of release for defendant Lillemoe related to his contact with the third defendant, Sarah Zirbes.  The Court conducted a hearing on this matter, at which argument was heard.  After careful consideration of the arguments raised by all parties, and after review of the transcripts of the hearings previously held in this matter, the motion is **GRANTED,** as set forth below.

Defendants Lillemoe, Calderon and Zirbes are charged in an Indictment returned on February 20, 2015, charging them with various offenses related to an alleged fraud conspiracy.  Each of the defendants was served with a summons to appear in

response to the Indictment, and each appeared voluntarily for their respective arraignments.  Each defendant was ordered released on bond subject to varying conditions.  At the time of the defendants' initial appearances, the government requested, and the Court imposed, conditions prohibiting the defendants from having contact with victims, witnesses and each other. [Doc. ## 11, 21, 24]

The Court considers the question of whether this condition should be applied to these defendants de novo.  See, e.g., United States v. Snead, Crim. No. 12-132M, 2014 WL 4473773, at *5 (D.R.I. Feb. 4, 2014).  While the challenged condition is currently in place, and the Court comes to consider the question upon motion of the defendants, the defendants do not bear the burden of persuading the Court that the challenged condition is inappropriate.  Rather, the Court must determine whether the condition is appropriate based on the complete record.  "The judicial officer may at any time amend the order to impose additional or different conditions of release."   18 U.S.C. § 3142(c)(3).

When a defendant appears before the Court on a question of detention or release, the Court must first consider whether the defendant can be released on his own recognizance, or subject only to an unsecured bond.  If the Court determines that releasing the defendant under those conditions "will not

reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the Court "shall order the pretrial release of the person … subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. §§ 3142(c)(1)(A), (B) (alterations added).

   The Court previously imposed a number of restrictive conditions on the defendants designed to ensure both their appearance as directed and the safety of the community.  The government contends that the previously imposed condition barring these two defendants from communicating with each other without an attorney present is necessary to "preserve the integrity of the trial process by helping prevent defendants from collaborating on their stories."  Gov't Response, Doc. # 42 at 6.  The defendants contend that the condition places "an undue and unnecessary burden" on them while "effectively impairing their ability to prepare a defense."  Defts' Motion, Doc. # 34 at 3.

   A person charged by way of an indictment may "be subject to pre-trial release conditions that infringe upon his constitutional rights, provided that there has been an independent judicial determination that such conditions are

necessary." United States v. Laurent, 861 F. Supp. 2d 71, 91 (E.D.N.Y. 2011) (compiling cases).  Here, at least two significant interests of the defendants are affected by the challenged condition: (1) the right to free association, guaranteed by the First Amendment, and (2) the ability to prepare fully for defense against a felony criminal charge.

To restrict the defendants' rights to associate with each other, and to prepare their defense as they see fit, there must be a powerful countervailing concern for the safety of the community.  There must also be a showing that these particular defendants are likely to engage in conduct that would endanger the community, should the condition be lifted.  The fear that criminal defendants generally, or even fraud defendants in particular, might end up "shading, spinning, or dissembling the truth" if given the opportunity, Gov't Resp., Doc. #42 at 4, is not enough.  The determination must be made on an individualized basis.  See, e.g., United States v. Lee, 972 F. Supp. 2d 403, 408 (E.D.N.Y. 2013).  A specific condition of release that might very well be reasonable where based on "individualized suspicion" might not be reasonable if no such individualized analysis is conducted.  Berry v. District of Columbia, 833 F.2d 1031, 1035 (D.C. Cir. 1987).

The government contends that the allegations in the Indictment, which include claims that the defendants altered

~ 4 ~

documents and made false statements, support imposition of the no-contact condition.  The defendants argued at the hearing that the Court should give no weight to these allegations, as they remain unproven.  The law, in fact, takes something of a middle ground.  Of course, the defendants are presumed innocent, and any allegations in the Indictment are nothing more than allegations.  But the relevant statute specifically directs the Court to consider "the nature and circumstances of the offense charged[.]"  18 U.S.C. § 1342(g)(1).  The fact that the Grand Jury found probable cause to believe that these defendants created false documents and made false statements to the authorities is certainly relevant to the question of whether they can be trusted to collaborate without colluding.  However, it is not dispositive.

At the hearing, the government pointed to 18 U.S.C. § 3142(c)(1)(B)(v) as providing support for imposition of the challenged condition.  The government described this provision as setting forth a "standard condition" of release.  The relevant portion of the statute including that section provides:

> If the judicial officer determines that [release on personal recognizance] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person … subject to the least restrictive … combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other

>person and the community, which may include the condition that the person … avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense[.]

18 U.S.C. § 3142(c)(1)(B)(v).  Thus, the Court may impose only the "least restrictive" combination of restrictions that will "reasonably assure" appearance and safety, and among the possible restrictions available, the Court <u>may</u> direct the defendant to avoid contact with victims and potential witnesses.

There is no mention in this provision of prohibiting contact with co-defendants.  While the government argues, correctly, that a co-defendant <u>could</u> eventually become a witness, there is a meaningful difference between third party witnesses and defendant witnesses in this context.  The no-contact condition set forth in the statute "seeks to prevent a defendant from intimidating someone who, by nature of being a victim or a potential witness, is already in a difficult and delicate position."  <u>United States v. De Castro-Font</u>, 587 F. Supp. 2d 364, 368 (D.P.R. 2008).  Here, there is no such worry.  The two people in question – Mr. Lillemoe and Mr. Calderon – each seek to speak to each other, and neither seeks the protection of the Court or the government from intimidation by the other.

Even if the statutory no-contact condition were to be considered "standard," automatic application of such a

restriction in all fraud cases would be improper.  The government's legitimate concern for protecting the community "does not create a per se rule that this government interest always outweighs the constitutional right of liberty; for, if that conclusion were perpetually so, then it would deny due process."  United States v. Karper, 847 F. Supp. 2d 350, 359 (N.D.N.Y. 2011) (internal quotation marks and citation omitted) (finding mandatory bail conditions imposed by Adam Walsh Act violated Fifth Amendment due process right).  The Court cannot assume that a certain restriction is necessary in all cases of a certain type; rather, the Court must consider "particularized evidence" and make an "individualized determination" of the need for the restriction.  United States v. Arzberger, 592 F. Supp. 2d 590, 601, 602 (S.D.N.Y. 2008).  And the mere worry that an indicted person may commit a crime, such as obstruction of justice or evidence tampering, is not sufficient to justify every restraint on that person because "[c]rime prevention is a quintessential general law enforcement purpose and therefore is the exact opposite of a special need."  United States v. Scott, 450 F.3d 863, 870 (9th Cir. 2006) (alteration added).

　　"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant."  United States v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990) (compiling

cases).  The government conceded at oral argument that there is no evidence that these particular defendants have engaged in obstruction of justice or other improper acts since their initial arrest and appearance.  There has been no showing, in short, that permitting Mr. Lillemoe and Mr. Calderon to discuss their defense without the presence of counsel "will endanger the safety of any other person or the community."  18 U.S.C. § 3142(c)(1).  The Court must impose the least restrictive set of conditions that will reasonably assure the safety of the community.  The Court finds that the condition barring defendants Lillemoe and Calderon from communicating outside the presence of counsel is not necessary to reasonably assure the safety of the community, on the record as it now stands.

Should the government present evidence that these defendants are engaging in illegal activity, including obstruction of justice or evidence tampering, in the course of their contact with one another, the Court will immediately convene another hearing, with both defendants present.  As counsel were advised at the time of the hearing, the Court would not hesitate to act as if it were established that these defendants engaged in illegal activity.  The consequences for such illegal activity, or any other violation of the conditions of release, could include the imposition of more stringent conditions of release; forfeiture of the bond by themselves and

any sureties; and/or an order of pre-trial detention.  In addition, should the defendants at some point face sentencing in this matter, such conduct could be considered in connection with the Sentencing Guidelines provisions regarding acceptance of responsibility and obstruction of justice.  The defendants are reminded that the commission of any felony while released on bond could result in the imposition of an additional term of imprisonment of up to ten years, to run consecutive to any sentence imposed in this case, and the commission of any misdemeanor could result in a consecutive sentence of up to one year.

    Furthermore, the Court advises the defendants, as they were advised at the time of their release, that it is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.

    For the reasons set forth above, it is hereby **ORDERED** that the conditions of release for defendant Calderon [Doc. # 24] are amended so that Condition (7)(g) shall now provide that Mr. Calderon shall "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the

investigation or prosecution.  Mr. Calderon may have contact with Mr. Lillemoe, without the presence of counsel.  Mr. Calderon may not have contact with Ms. Zirbes except in the presence of counsel."

In addition to his motion relating to contact with Mr. Calderon, defendant Lillemoe also requests that he be permitted to have unrestricted contact with defendant Zirbes.  As the Court noted at the hearing, no similar motion has been received from Ms. Zirbes.  After discussion, the parties agreed that it is appropriate to amend the conditions of Mr. Lillemoe's release to mirror those applicable to Ms. Zirbes on this matter.  Accordingly, it is hereby **ORDERED** that the conditions of release for defendant Lillemoe [Doc. # 21] are amended so that Condition (7)(g) shall now provide that Mr. Lillemoe shall "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.  Mr. Lillemoe may have contact with Mr. Calderon, without the presence of counsel.  Mr. Lillemoe may work with Ms. Zirbes and communicate as required for work purposes, but Mr. Lillemoe and Ms. Zirbes shall not discuss matters related to this case except in the presence of counsel."

Both defendants are advised that there has been no change to the condition barring them from having any direct or indirect

contact with victims and witnesses other than the changes relating to their co-defendants.

**Counsel for all defendants are directed to provide a copy of this order to their clients directly. Counsel are further directed to advise their clients of the potential penalties for violation of the conditions of release.**

SO ORDERED at New Haven this 28th day of May, 2015.

>       /s/
> HON. SARAH A. L. MERRIAM
> UNITED STATES MAGISTRATE JUDGE